**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JAGDISH MEHTA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PRICECOSTCO INTERNATIONAL, INC., ET AL.,<br><br>　　　　Defendants. | Case No. 2:20-cv-01550-APG-DJA<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 28), filed on December 11, 2020. The Court also considered Defendant's Response (ECF No. 29), filed on December 28, 2020. Plaintiff filed a Reply (ECF No. 30) on January 4, 2021. The Court finds the Motion properly resolved without a hearing. *See* Local Rule 78-1.

**I.     BACKGROUND**

Plaintiff commenced this action in state court on July 29, 2020 and it was later removed by Defendant on August 21, 2020. (ECF No. 1). It concerns an alleged incident that occurred on July 31, 2018 in which Plaintiff claims to have been injured in a blender accident. He now seeks to amend his Complaint to add claims against the manager of the Costco store in which he purchased the blender, Max Ramos. Plaintiff claims the amendment should be permitted because "the store manager is the last line of defense in the stream of commerce to protect potential consumers against dangerous and/or defective products." (ECF No. 28). Plaintiff also alleges that he believes discovery will show that store managers are given a financial incentive to sell the NutriBullet and withhold information from consumers about dangerous products being sold.

Defendant opposes the amendment claiming that the addition of the individual defendant is solely intended to defeat diversity jurisdiction, his addition is futile, and the amendment is

brought in bad faith. (ECF No. 29). Defendant contends that Plaintiff does not allege where he bought the Nutribullet, much less which Costco store he bought it from, or the identity of the sales individuals he interacted with when purchasing it. Further, Ramos submits a declaration under the penalty of perjury that he never received a bonus or financial incentive for the sale of Nutribullets and there is no basis to sue him personally.

Plaintiff replies that there is no prejudice to adding Ramos as Costco would likely pay for his defense and he is not likely to be subject to any more expense or time than he would as a witness. (ECF No. 30). Plaintiff acknowledges that he did not allege DOE and ROE defendants in the complaint. However, he contends that liability against store managers is simply "part and parcel within the framework for products liability claims." (ECF No. 30, p. 3, lns. 1-2).

## II. DISCUSSION

Plaintiff moves to amend under Fed.R.Civ.P. 15, which is a permissive standard that the court should freely give leave when justice so requires. However, higher scrutiny is required because Plaintiff requests a post-removal joinder of a diversity-destroying defendant. Accordingly, 28 U.S.C. §1447(e) sets forth the applicable standard as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

*See also Lieberman v. Wal-Mart Stores, Inc.*, 2013 WL 596098 (D. Nev. Feb. 15, 2013).

Courts have discretion to consider the following factors when ruling on a motion that would destroy diversity jurisdiction:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant.

*Hardin v. Wal–Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173–74 (E.D. Cal. 2011), aff'd in part, 604 Fed.Appx. 545 (9th Cir. 2015); *see also Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016 (C.D. Cal. 2002). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.*, 2010 WL 2680800, at *3 (N.D. Cal. 2010).

Plaintiff's proposed Amended Complaint contains the allegations that Ramos is responsible for deciding to sell an inherently dangerous product, store managers are given a financial incentive to make certain sales numbers, Ramos likely had a financial incentive to withhold information from consumers, and local Costco general managers chose profits over people so they should be held responsible for negligence. (ECF No. 28, p. 3: 17-28). Like typical premise liability cases, Ramos does not have a more than tangential relationship to Plaintiff's claims as he was not directly involved in his injury. Plaintiff does not allege that Ramos was present in the store when he bought the Nutribullet. He does not allege that Ramos talked to him about or persuaded him to buy the Nutribullet. Indeed, Ramos also eliminates the financial tie that Plaintiff speculated would be permitted to add Ramos to the case, specifically, Ramos declares that he never withheld information from customers about Nutribullet and did not receive any financial incentive to sell Nutribullet products. Additionally, Ramos was likely acting within the course and scope of his employment as he declares that he had no knowledge of Nutribullet being a dangerous product and Costco would most likely be responsible for satisfying any judgment against him as general manager. As such, the first factor weighs against allowing the amendment.

The parties do not address the statute of limitations for Plaintiff to file a lawsuit against Ramos in state court. To the extent that Plaintiff believes a simple negligence claim could be bought individually against Ramos, then he could pursue that in a separate action in state court. As such, the second factor weighs against allowing the amendment.

As for the third factor, the Court finds that Plaintiff's delay in filing the instant motion, about four months after the removal and about five months after initiating this action in state court, is unreasonable. Plaintiff's counsel does not provide any explanation for the delay, but rather, he acknowledges that he never alleged DOE or ROE defendants in the complaint leading the Court to believe he was not intending on adding a general manager this late in the litigation. In contrast, in *Boon*, a delay of less than three months after the original complaint, and less than a month after removal, was not found to be unreasonable. *Boon*, 299 F.Supp.2d at 1016. The third factor weighs against allowing the amendment.

The fourth factor is motive in seeking joinder, which should be carefully examined here because allowing the amendment would destroy diversity jurisdiction. *See Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir. 1980). Plaintiff claims that it is simply what happens in these types of products liability cases – you add a general manager. (ECF No. 30). Defendant contends that Plaintiff's sole motivation is to destroy diversity because Ramos' addition is not necessary to this lawsuit. (ECF No. 29). The timing is suspect and the Court finds that Plaintiff's motive to add Ramos is to destroy diversity given his lack of alleged role in the injury, lack of intentional conduct related to the injury, and recovery available from Costco. Therefore, this factor weighs against allowing amendment.

Having reviewed the parties' arguments on the fifth factor regarding prejudice, the Court is not persuaded by Plaintiff. As previously noted, Plaintiff could pursue individual claims against Ramos is state court if he believes them to be meritorious. Discovery has already begun in this case and there does not appear to be any purpose beyond destroying diversity to permit the addition of Ramos at this stage. Therefore, the Court finds this factor weighs against allowing amendment.

Finally, as to the merits of the claims to be added against Ramos, the Court finds this factor weighs against allowing amendment. Ramos has, at most, a tangential relationship to Plaintiff's injury based only on his title, general manager, and had no direct tie to the injury at issue. This District Court has previously found the addition of an employee who had a direct relationship to the injury warranted. *See e.g., Lieberman*, 2013 WL 596098; *Patton v. Wal-Mart Stores, Inc.*, 2016 WL 7378989 (D. Nev. Dec. 19, 2016); *compare Lopez v. Kroger Co.*, 2017 WL 3142471 (D. Nev. July 24, 2017) (finding employee's inaction too tenuous of a connection to give rise to employee's own liability). Therefore, considering all of the factors, the Court will exercise its discretion to recommend denial of the amendment.

### III.  CONCLUSION

### RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 28) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 5, 2021.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE