UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jagdish Mehta,<br><br>            Plaintiff,<br><br>v.<br><br>Nutribullet, L.L,C., et al.,<br><br>            Defendants. | Case No. 2:20-cv-01550-APG-DJA<br><br>**Order**<br>**&**<br>**Report and Recommendation** |

       This is a products liability case arising out of Plaintiff Jagdish Mehta's use of a Nutribullet that exploded. Plaintiff sues Defendants for negligence, strict products liability, and breach of the implied warranty of merchantability. Defendants move to strike Plaintiff's request for punitive damages. (ECF No. 48). Plaintiff moves to amend his complaint. (ECF No. 51). Because the Court finds that punitive damages are not recoverable for negligence claims as a matter of law, it recommends that Defendants' motion to strike be granted in part and denied in part. Because the Court finds that Plaintiff has failed to show good cause or excusable neglect for missing the deadline to amend, it denies Plaintiff's motion to amend. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

       Defendants removed this case to Federal court in August of 2020. (ECF No. 1). Defendants then answered Plaintiff's complaint on November 18, 2020. (ECF No. 18). Over a year later, Defendants now move to strike Plaintiff's punitive damages claim, asserting that Plaintiff has no basis for it. (ECF No. 48). Plaintiff responds that he has sufficiently plead a basis for punitive damages. (ECF No. 49).

       On October 15, 2021, Plaintiff also moved to amend his complaint to add more facts to support his punitive damages claims. (ECF No. 51). Plaintiff did not, however, address the

deadline to amend pleadings or add parties, which closed on August 23, 2021 and was not extended by the parties. (ECF No. 37). Defendants point this out in their response. (ECF No. 53). Plaintiff did not file a reply.

**II.      Discussion.**

      ***A.      The Court recommends granting in part and denying in part Defendants' motion to strike.***

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter…on its own" or "on motion made by either party…before responding to the pleading." Fed. R. Civ. P. 12(f); Nev. R. Civ. P. 12(f). The purpose of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)); *see also* 2 James Wm. Moore, *Moore's Federal Practice*, § 12.37[3], 128-29 (3d ed. 2017) ("[t]o prevail on this motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'").

Whether to grant a motion to strike lies within the discretion of the district court. *Whittlestone, Inc.*, 618 F.3d at 973. "[F]ederal courts generally disfavor motions to strike." *D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, 570 F. Supp. 2d 1262, 1271 (D. Nev. 2008). "[C]ourts often require a showing of prejudice by the moving party before granting the requested relief." *See Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (quotation omitted).

Some courts have held that "the court may consider and grant an untimely motion to strike where it seems proper to do so." *Corr. USA v. Dawe*, 504 F. Supp. 2d 924, 930 (E.D. Cal. 2007). However, the general practice in this District treats the deadline in Federal Rule of Civil Procedure 12(f) more seriously. *See Jaden Inv. Tr. v. Bank of Am., N.A.*, No. 2:13-cv-02063-MMD, 2014 WL 293308, at *2 (D. Nev. Jan. 23, 2014) (explaining that motions are "barred by

Rule 12(f)"). The Ninth Circuit has held that granting an untimely motion to strike is "erroneous" or an "error," though the error may be harmless. *Culinary & Serv. Employees Union, AFL-CIO Local 555 v. Hawaii Employee Ben. Admin., Inc.*, 688 F.2d 1228, 1232-33 (9th Cir. 1982).

Section 42.005 of the Nevada Revised Statutes provides that a plaintiff may recover punitive damages when a defendant is "guilty of oppression, fraud or malice, express or implied…" NRS 42.005(1). Under section 42.001(3), "malice," expressed or implied, is defined as "conduct which is intended to injure a person or despicable conduct which is engaged in the conscious disregard of the rights or safety of others." NRS 42.001(1). Section 42.001(2) provides that "fraud" means "an intentional misrepresentation, deception or concealment of material fact known to the person with the intent to deprive another person of his rights or property or to otherwise injure another person." NRS 42.001(2).

Here, the Court recommends denying Defendants' motion in part and granting it only as it relates to Plaintiff's punitive damages specific to his negligence claim. Defendants' motion is untimely by over a year under both Federal Rule of Civil Procedure 12(f) and Nevada Rule of Civil Procedure 12(f). Moreover, regarding Plaintiff's non-negligence claims, Plaintiff specifically asserts that Defendants were aware that Nutribullets posed a risk but willfully failed to warn their customers. Combined with Plaintiff's other allegations, this is sufficient to state a claim for punitive damages under NRS 42.001. *See Duensing v. Gilbert*, No. 2:11-cv-01747-GMN-VCF, 2013 WL 1316763, at *5 (D. Nev. Mar. 2, 2013) (finding an assertion that a company was liable for punitive damages because it acted "in a despicable, malicious, and oppressive manner, in conscious disregard of the rights of [the plaintiff]" sufficient to survive a motion to dismiss).

However, the Court recommends striking one paragraph in the complaint: Paragraph 40, the request for punitive damages specific to Plaintiff's negligence claim. (ECF No. 1-1 at 21). Punitive damages are not available for negligence claims as a matter of law and "[a] motion to strike may be used to strike any part of a prayer for relief where the requested damages are not recoverable as a matter of law." *See Jariwala v. Enterprise Leasing Company-West, LLC*, No. 2:18-cv-01532-GMN-VCF, 2018 WL 4339231, at *2 (D. Nev. Sept. 17, 2018); *see Madrigal v.*

*Treasure Island Corp.*, No. 2:08-cv-01243-PMP-GWF, 2008 WL 11389168, at *4 (D. Nev. Dec. 30, 2008). Because punitive damages cannot be obtained in a negligence claim as a matter of law, the Court recommends that Defendants' motion to strike be denied in part and granted only to strike Paragraph 40.

### B. The Court denies Plaintiff's motion to amend.

When leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment period and excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Here, Plaintiff has not shown good cause or excusable neglect in his motion, nor has he replied in support of his motion after Defendants pointed out the deficiency. The amendment deadline ended about four months ago and was not included in the parties' most recent extension of deadlines. (ECF No. 47). The Court thus denies the motion to amend without prejudice.

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 51) is **denied without prejudice.**

### RECOMMENDATION

**IT IS RECOMMENDED** that Defendants' motion to strike (ECF No. 48) be **granted** with respect only to Paragraph 40 in the complaint.

**IT IS FURTHER RECOMMENDED** that Defendants' motion to strike (ECF No. 48) be **denied** as to the remainder of the complaint.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that

(1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: December 15, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE